UNITED STATES ELECTRIC LIGHTING Co. *v.* CONSOLIDATED ELECTRIC LIGHT Co.

*(Circuit Court, S. D. New York.   February 9, 1888.)*

1. PATENTS FOR INVENTIONS—PUBLIC USE—ASSIGNMENT.
    Plaintiff's assignor discovered a certain process in 1877, but did not apply for a patent until 1881, when an interference was declared with a patent issued in 1879, but on the hearing the right of plaintiff's assignor to a patent was declared to be prior. It appeared that the letters patent issued in 1879 had been several times assigned, and finally assigned to defendant. *Held,* that the assignment of the letters patent was not a sale of the thing or process patented, within the meaning of Rev. St. U. S. § 4920, providing that when the thing patented had been in public use or on sale for two years before application for patent, an action for infringement would not lie.
2. SAME—ABANDONMENT—DELAY IN APPLICATION.
    In an action for the infringement of a patent it appeared from the bill that the process was discovered in 1877, but no patent applied for until 1881. *Held,* that the mere delay to apply for a patent was not an abandonment of the invention.

In Equity.   Bill for injunction.
*Samuel A. Duncan,* for plaintiff.
*Broadnax & Buel,* for defendant.

WHEELER, J.   This bill is brought upon letters patent No. 306,980, dated October 21, 1884, and issued to the orator, as assignee of Edward Weston, for an improvement in the process of manufacturing carbon conductors for incandescent electric lamps.   It alleges that Weston was the true, original, and first inventor of this process in the year 1877; that letters patent No. 211,262, dated January 7, 1879, were issued to

William E. Sawyer and Albon Man for this process; that these letters patent were, by instruments in writing, recorded in the patent office, assigned by Sawyer and Man, on February 3, 1879, to the Dynamo Electric Light Company, and by that company, on the sixth of April, 1881, to the Eastern Electric Manufacturing Company; that on May 27, 1881, Weston made application for this patent for this process; that on June 5, 1882, he assigned his interest in the invention, and patent to be issued, to the orator; that on September 30, 1882, the Eastern Electric Manufacturing Company assigned letters patent No. 211,262 to the defendant; that an interference was declared between the application of Weston and the other patent, which, on successive hearings, was decided by the examiner of interference, the board of examiners on appeal, and the commissioner of patents on further appeal, in favor of Weston, and this patent was thereupon issued; and that the defendant has infringed and is still infringing. The defendant has demurred to the bill, and assigned for causes of demurer that the patent is void on the face of the bill, because the bill shows that the other patent was on sale by its owners for more than two years prior to the application for this patent, and that the inventor had abandoned his invention to the public before his application.

The bill does not allege that the patent was put up or offered for sale, or was sold for a consideration, or was otherwise on sale, than that it was assigned for the purpose of putting it into the hands of these corporations, in order to have the invention put upon the market by them. The statutes applicable to this subject provide that any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement thereof, which has been, among other things, not in public use or on sale for more than two years prior to his application, unless the same is proved to have been abandoned, may obtain a patent therefor, (Rev. St. § 4886;) and that, in actions for infringement of a patent, the defendant may give notice of and prove that the patentee was not the original and first inventor or discoverer of any material and substantial part of the thing patented, or that it has been in public use or on sale in this country for more than two years before his application for a patent, or had been abandoned to the public, (section 4920.) There is room for doubt whether such an assignment as is alleged is a putting on sale within the meaning of these statutes. But what was put on sale, if anything was, was the patent itself, and not the thing patented. The patent is the mere right to exclude others from practicing the invention. The invention itself is another thing. By the terms of the statute first quoted from, the thing which must not have been on sale is the art, machine, manufacture, or composition of matter; and, by the terms of the one last quoted from, the thing patented being on sale is what may be set up as a defense. The two expressions, of course, are intended to mean the same thing, to make the statutes harmonious. That the think here patented is a process is suggested as a reason that the statute must apply to a sale of the patent, for it is said that the process could not otherwise be sold. But the statutes

have not made any distinctions between the kinds of inventions, nor provided that the being on sale of the patent shall avoid it where the thing patented is not capable of being sold. If the thing aimed at does not take place, nothing else is substituted, and the reason why it does not, whether because it cannot, or is not permitted to, is immaterial. This ground of demurrer does not appear to be tenable.

As to the other ground, the bill does not allege that the inventor abandoned his invention. It shows the date at which it is alleged to have been made, and the date of his application. From these dates the defendant argues that he abandoned it. The statute does not make such delay a bar to the patent. As to this the patent is to be granted, unless the invention is proved to have been abandoned. This question was open in the interference, and the abandonment does not appear to have been there proved. Now, that the patent has been granted, nothing is left to an infringer, as to abandonment, but to set it up as a defense and prove it, as is provided in the other branch of the statute. The cases cited in behalf of the defendant show that this is a defense to be set up and proved. *Kendall* v. *Winsor*, 21 How. 322; *Jar Co.* v. *Wright*, 94 U. S. 92; *Rifle Co.* v. *Arms Co.*, 14 Blatchf. 94. It cannot avail on demurrer to a bill that does not allege it.

Demurrer overruled, and the defendant assigned to answer the bill by the next rule-day.