## WARREN FEATHERBONE CO. v. WARNER BROS. CO.

(Circuit Court, D. Connecticut. February 22, 1899.)

No. 966.

1. PATENTS—PLEADING IN INFRINGEMENT SUITS.

It is no ground of demurrer that the bill fails to allege that the inventions set forth and claimed in the patent sued on were not abandoned before the application therefor. The defense must be interposed by answer showing the facts.

**2. SAME—DRESS OR GARMENT STAYS.**

> The Warren patent, No. 389,993, for an improved dress or garment stay, constructed by taking two pieces of "any fabric or material * * * of any desired width," and, after inserting between them "any suitable elastic substance, * * * a row of stitching is made longitudinally in the center portion of the stay," is void on its face for want of novelty.

**3. SAME.**

> The Warren patent, No. 327,626, for a method of attaching stiffenings for dress waists, is not void on its face for want of novelty and invention.

This was a suit in equity by the Warren Featherbone Company against the Warner Bros. Company for alleged infringement of two patents for improvements in dress or garment stays.

Fred L. Chappell and Sullivan & Cromwell, for complainant.
Seabury C. Mastick, for defendant.

TOWNSEND, District Judge. To the bill herein alleging infringement of letters patent Nos. 327,626 and 389,993, issued to E. K. Warren, and assigned to complainant, defendant demurs, assigning the following reasons, namely:

1. The bill fails to allege that the inventions set forth and claimed in said patents were not abandoned before the application therefor. This ground of demurrer is not well taken. Abandonment, not appearing on the face of the bill, is a defense which must be interposed by answer showing the facts. Walk. Pat. § 602; United States Electric Lighting Co. v. Consolidated Electric Light Co., 33 Fed. 869; Western Electric Co. v. Sperry Electric Co., 7 C. C. A. 164, 58 Fed. 192; Mast, Foos & Co. v. Dempster Mfg. Co., 71 Fed. 701, 705; Fruit-Jar Co. v. Wright, 94 U. S. 92.

2. The bill fails to show that the alleged inventions are capable of combined use, or of conjoint action, or that the defendant uses them conjointly. The conclusions hereafter stated dispense with the necessity of considering this point.

3. It appears on the face of the patents that each of them is invalid. The point of invalidity is well taken as to patent No. 389.993. The specifications describe an improved dress or garment stay, which is constructed by taking two pieces of "any fabric or material * * * of any desired width, * * * and, after inserting between them any-suitable elastic substance, * * * a row of stitching is made longitudinally through the center portion of the stay," etc. The claim is as follows:

> "A dress stay formed of a composite blade and separate covering pieces or faces of greater width than said blade, and stitched at opposite sides and intermediate the width thereof, thereby tightening the covering, and increasing the tension of the stay, the side edges of the covering strips forming selvages for securing the stay throughout its length to the garment, substantially as set forth."

The utter lack of possible novelty in a claim for a dress stay made in the same way as from time immemorial our coats, collars, and cuffs have been made or stiffened, namely, by sewing a stiffening material between the outer surface and inner lining, is self evident. See Bowman v. De Grauw, 60 Fed. 907.

Patent No. 327,626 is for a "Method of Attaching Stiffenings to Dress Waists." The patentee says: "The object of this invention is to provide the seams of a dress waist with a stiffening material con-

nected with the seam of the dress fabric or outside material, and the lining, without the formation of separate pockets;" and thereby it is claimed certain objections in the prior art are obviated, and certain advantages obtained. The claim is for:

"The method of attaching the stiffening material to seams by placing it in the open seam after the main seam is sewed, and attaching it to the fabric by stitching its sides to the inside portion of the open seam without connecting it with the main seam, substantially as described."

—That is, as explained by the specification, the patentee takes a dress waist having the ordinary seams therein, and opening the flaps of said main seams,—i. e. the portions of extra fabric on either side of the main seams,—inserts stiffening material therein, and so stitches it to the flaps independently of the main seam, preferably by diagonal lines of stitching, known as zigzag or feather stitch, that while it firmly supports the fabric, and conforms to the figure and its movements, it does not wrinkle the dress waist or cut through the ends. It would be obviously inexpedient, in passing on this demurrer, to express an opinion as to the merits of this alleged invention, except as to the question whether or not on the face of the patent it is void for want of patentable novelty. Whether or not this is the mere ordinary expedient of the dressmaker; whether or not this method would naturally occur to those skilled in the art; whether or not the invention of new kinds and forms of stiffening material would have suggested this attachment,—cannot be determined, except by such examination of the prior art as would naturally be presented upon final hearing. It is sufficient for the determination of this demurrer to say that the method is not necessarily upon its face so devoid of patentability that the court could not, upon evidence of novelty, utility, and universal adoption, find that it involved the exercise of the faculty of invention.

The demurrer is overruled as to patent No. 327,626, and sustained as to patent No. 389,993, without costs to either party.